BERTHELOT, APPELLANT, *v.* DEZSO, JUDGE, ET AL., APPELLEES.

[Cite as *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257.]

(No. 99–359—Submitted July 28, 1999—Decided September 1, 1999.)

258

*Zashin & Rich Co., L.P.A.,* and *Robert I. Zashin,* for appellant.

*Michael T. Callahan,* Summit County Prosecuting Attorney, and *Barbara Crouse Babbit,* Assistant Prosecuting Attorney, for appellee Judge Carol J. Dezso.

*Lieberth & Anderson, L.P.A.,* and *Dreama Anderson; Maistros & Loepp, Ltd.,* and *Thomas C. Loepp,* for appellee Michael J. Berthelot.

*Per Curiam.* Maureen asserts that the court of appeals erred in dismissing her claims for extraordinary relief in mandamus and prohibition. She claims that Judge Dezso has no discretion to deny her discovery and an evidentiary hearing to redetermine spousal support following the court of appeals' reversal and remand of the original spousal support award. For the following reasons, Maureen's assertions lack merit.

Writs of mandamus and prohibition are appropriate to require lower courts to comply with and not proceed contrary to the mandate of a superior court. *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549, 553. Here, however, there is no evidence that Judge Dezso has proceeded contrary to the mandate of the court of appeals. As the court of appeals concluded, it "did not give specific instructions concerning additional discovery, evidence, or proper procedure" in its prior mandate, so Judge Dezso possesses discretion to "choose the appropriate procedure and decide, guided by [the court of appeals'] opinion, the appropriate spousal support award." Certainly, the court of appeals was in the best position to determine if Judge Dezso had violated its remand order. See, *e.g., State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 252, 648 N.E.2d 1355, 1357. It did not so find.

Moreover, given the discretionary authority vested in Judge Dezso in discovery matters and in determining the appropriate spousal support award, see *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198, 201 (discovery), and *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030 (domestic relations orders), an extraordinary writ will not issue to control her judicial discretion, even if that discretion is abused. See *State ex rel. Thomson v. Court of Claims* (1997), 80 Ohio St.3d 495, 497, 687 N.E.2d 456, 458.

Further, any errors committed by Judge Dezso will be remediable on appeal. Neither prohibition nor mandamus will issue as a substitute to review mere errors in judgment. See *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 109, 637 N.E.2d 319, 324.

Finally, to the extent that Maureen's mandamus claim could be construed as a challenge to Judge Dezso's alleged failure to promptly rule on her pending motions, Judge Dezso did not unnecessarily delay in ruling on the motions. Maureen agreed to the judge's suggestions that the motions be held in abeyance while the parties attempted to settle the case. When the parties reached an impasse, only two to three weeks had elapsed from the time Maureen requested that Judge Dezso act immediately on her pending motions until Maureen filed her complaint for writs of mandamus and prohibition. See *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899, 900 (procedendo action to compel judge to rule on postconviction

relief petition and motions was properly dismissed because petition and motions had been pending for only two to three weeks when complaint for writ of procedendo was filed); *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 35–36, 656 N.E.2d 332, 333–334 (mandamus will not lie to compel court to rule on postconviction relief petition, which had been pending for ten months, where relator had filed other related requests on and after date he filed petition). And significantly, Maureen asserts in her reply brief that she is *not* requesting the same relief in this case as she did in a procedendo action to compel Judge Dezso to promptly rule on her pending motions; instead, she claims that she merely wants the judge to comply with the court of appeals' mandate. *Berthelot v. Dezso* (1999), 85 Ohio St.3d 1426, 707 N.E.2d 516. We do note, however, that Judge Dezso *should* now proceed to promptly rule on the pending motions.

Based on the foregoing, the court of appeals properly dismissed the complaint for extraordinary relief in mandamus and prohibition. Accordingly, we affirm the judgment of the court of appeals.[2]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

2. In view of this holding, appellant's motion to remand the cause to the court of appeals, in order that it can consider a Civ.R. 60(B) motion for relief from judgment, as well as Judge Dezso's motion to strike appellant's reply brief, is rendered moot.