JOURNAL ENTRY AND OPINION
Relator, Albert Gibel, has filed a complaint for a writ of mandamus through which he seeks an order from this court which requires the respondent, Judge Bridget McCafferty, to perform the following acts in the underlying case of Midwest Fireworks ManufacturingCo., Inc. v. Gibel, et al., Cuyahoga County Court of Common Pleas Case No. CV-367569:1) find that the relator was not in contempt of court; 2) discharge all prejudgment attachments; 3) order the return of the relator's property ($70,500); and 4) order restitution be made by plaintiff/appellee (Midwest Fireworks Manufacturing Co., Inc.). The respondent has filed a motion to dismiss which we grant for the following reasons.
In the underlying case of Midwest Fireworks Manufacturing Co., Inc. v. Gibel, et al., supra, a complaint for conversion was filed in which it was alleged that the relator had embezzled $234,000 from Midwest and that attorneys George Gibel and Stanley Josselson were in possession of $80,000 and an automobile directly traceable to the funds allegedly stolen by the relator. On October 9, 1998, the respondent issued an ex parte order which commanded the Cuyahoga County Sheriff to attach the $80,000 held by George Gibel and Stanley Josselson and further ordered possession of a Cadillac automobile. The respondent further ordered that a bond could be posted with the clerk of the trial court pursuant to R.C. 2715.10 and 2715.26 in lieu of attachment. On December 1, 1998, $70,500 was deposited with the clerk of the trial court. The relator later notified the respondent that the Cadillac automobile had been sold.
In response to the sale of the Cadillac automobile and the failure to post a bond or deposit the full $80,000 with the clerk of the trial court, a motion to show cause was filed as to why the relator should not be held in contempt for failure to comply with the prior orders of attachment. The respondent subsequently held a hearing on the motion to show cause and found the relator to be in contempt of court for violating the orders of attachment. The relator was fined $250 and sentenced to thirty (30) days in jail. The relator immediately filed an appeal from the finding of contempt and in Midwest Fireworks Manufacturing Co., Inc. v. Albert Gibel, et al. (Mar. 30, 2000), Cuyahoga App. Case No. 76843, unreported, this court reversed the finding of contempt and remanded the appeal for further proceedings. Thereafter, the relator filed his complaint for a writ of mandamus.
A writ of mandamus may be employed to require a lower court to comply with the mandate of a superior court. Berthelot v. Dezso (1999),86 Ohio St.3d 257; State ex rel. Dannaher v. Crawford (1997),78 Ohio St.3d 391. Herein, however, the relator has not established that the respondent has failed to comply with any mandate as issued by this court in Midwest. In Midwest, the sole issue raised by the relator involved the finding of contempt as rendered by the respondent. Specifically, the relator raised four assignments of error as follows:
 The trial court erred in finding appellants in contempt of court orders because the orders violated appellants [sic] constitutional rights.
 The trial court erred in finding appellants in contempt of a court order for actions taken prior to the court order being issued.
 The trial court erred in finding appellants in contempt of a court order when the property involved could not be attached under the order.
 The trial court erred in admitting into evidence matters discussed during a negotiation session between appellant George Gibel and Larry Lomaz, President of Midwest.
This court sustained the relator's first assignments of error, held that the second and third assignments of errors were moot, and further found that the fourth assignment of error was not well taken. In Midwest, this court found that the judgment of contempt was erroneous. No other judgment was rendered by this court with regard to the issues pending in the underlying case. In fact, the appeal was remanded for further proceedings without any further specific instruction from this court. The effect of this court's appellate judgment was to reverse the judgment of contempt. This court did not issue any judgment with regard to the issues of discharge of the prejudgment attachments, return of property, or restitution. The aforesaid issues remain pending in the underlying case and are subject to future review upon appeal once the respondent has issued a final appealable order. See State ex rel. Levin v. Sheffield Lake (1994), 70 Ohio St.3d 104.
Accordingly, we grant the respondent's motion to dismiss. Clerk to serve notices to all parties as provided in Civ.R. 58(B). Costs to relator.
JOHN T. PATTON, J., and ANNE L. KILBANE, J., CONCUR.
 ____________________________________ DIANE KARPINSKI, PRESIDING JUDGE