JOURNAL ENTRY and OPINION
Defendant-appellant herein, Robert Eaton, appeals from the trial court's order determining spousal support and the division of marital assets as between appellant and his ex-wife, plaintiff-appellee, Malvena Walker-Eaton. For the reasons stated below, we affirm the judgment of the trial court.
The parties to this case were married on April 8, 1984. The appellee filed the instant complaint for divorce on October 20, 1998 in the Cuyahoga County Court of Common Pleas — Domestic Relations Division. No children were born as issue of the parties' marriage.
During most of the time that the parties were married, they each worked outside of the home. The appellant was self-employed as a housing consultant during the duration of the marriage. The appellee was employed as a bailiff in the Cleveland Municipal Court for most of the marriage, but was disabled due to an auto accident at the time of the divorce.
The matter proceeded to trial before a magistrate on December 10, 1999 and was heard over the course of three days, December 10, 1999, January 27, 2000 and March 6, 2000. The only two witnesses at the trial were the defendant-appellant and the plaintiff-appellee.
The amount of income earned by the appellant during the course of the marriage was the subject of considerable dispute at trial. The appellant reported his monthly income on a sworn pretrial statement and affidavit which was submitted to the court as 250 +/-. This computes to approximately $3,000 per year. The appellant effectively conceded on cross-examination that this figure drastically understated his income. The appellant also admitted at trial to earning $1,000,000 in one year (1980) and $400,000 in another (1993).
To say that the appellant was evasive about the extent and the sources of his income at trial would be a considerable understatement. The appellant was unable to recall where he worked, which projects he worked on, how he was paid, routine expenses, rent paid and just about every other imaginable detail involved in his job. The appellant basically asserted at trial that he worked full time on numerous projects, yet never made any money in the years leading up to the divorce and never paid any rent for the office space he was occupying. The appellant claimed to not have had receipts for even the most basic of expenses he allegedly incurred.
What was clear from the appellant's testimony at trial was that he spent far more in expenses in the years 1997 and 1998 then he admitted to earning in those years and that he diverted considerable resources to making monthly payments to two former girlfriends. The appellant claimed in his testimony that one of the girlfriends was a business acquaintance and that the other was an old friend in need of help.
Prior to trial, the parties signed certain stipulations as to evidentiary issues and the division of marital property. Included in the stipulations was an agreement that the appellant would quit claim his interest in the marital property, located at 2 Sutton Place, Shaker Heights, Ohio, to the appellee, and that the appellee would in turn hold the appellant harmless on any mortgages, taxes, insurance or assessments on the property excluding a mortgage that was recorded on July 15, 1998. Additionally, each party agreed to assume sole responsibility for their own debts.
On August 1, 2000, the magistrate who heard the case issued her decision. The decision incorporated the stipulations entered into by the parties, which was referred to in the decision as a partial separation agreement. The decision ordered the appellant to pay to the appellee the sum of $510 per month in spousal support until the death of either party or the remarriage of the appellee.
In her opinion the magistrate also specifically found that the appellant had engaged in financial misconduct during the pendency of the marriage and accordingly compensated the appellee with a greater award of marital property. Specifically, the decision awarded the appellee the proceeds of a checking account in the appellant's name, some U.S. savings bonds and ordered that the appellant pay any monies owed to his mother by one or both of the parties. In the pretrial statement referred to earlier in this decision the appellant estimated the value of the checking account to be approximately $500 and the value of the bonds to be approximately $2,000.
The appellant filed objections to the magistrate's opinion with the trial court on October 2, 2000. On November 1, 2000, the trial court issued a decision in which it overruled the objections and adopted the magistrate's opinion in its entirety, including the findings of fact and conclusions of law * * *.
The appellant filed the within appeal from the judgment of the court and presents this court with two assignments of error for review. The two assignments of error will be addressed concurrently as they are interrelated and have a common basis in law and fact. The two assignments of error state:
 I. THE TRIAL COURT ERRED IN ITS ORDER OF SPOUSAL SUPPORT.
 II. THE TRIAL COURT ERRED BY RULING THAT THE SPOUSAL SUPPORT ORDER PROVIDED A REASONABLE STANDARD OF LIVING CONSISTENT WITH THE STANDARD OF LIVING MAINTAINED DURING THE MARRIAGE.
The standard of review for an award of spousal support was recently stated by this court in Ford v. Ford (Mar. 15, 2001), Cuyahoga App. No. 77417, unreported:
 In general, when reviewing the propriety of a trial court's determination in a domestic relations case, an abuse of discretion standard has always been applied.
 Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028. The Supreme Court has recently noted that the discretionary authority vested in the trial court applies when determining an award for spousal support. Berthelot v. Dezso, Judge (1999), 86 Ohio St.3d 257, 714 N.E.2d 888. However, the trial court's award of spousal support may be found to be arbitrary based on the lack of support in the record for the award. Dilacqua v. Dilacqua (1993), 88 Ohio App.3d 48, 60, 623 N.E.2d 118. McEaneney v. McEaneney (Feb. 2, 2000), Summit App. No. 1955, unreported. In Rose v. Rose, 1997 Ohio App. LEXIS 1235 (March 31, 1997), Franklin App. Nos. 96APF09-1150, 96APF11-1550, unreported, the appellate court found that a trial court is not required to accept an offered stipulation.
The following list of factors to be used by the trial court when determining an award of spousal support is provided in R.C. 3105.18:
 (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
 (2) In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income.
We also recognize that whether the parties' standard of living has been altered as a result of the divorce, or whether the parties will no longer enjoy a similar standard of living as that previously enjoyed during the term of the marriage, is not dispositive of the equitableness of a spousal support award. See Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,518 N.E.2d 1197.
The evidence at trial demonstrated that the appellee was disabled and unable to sustain herself on the approximately $19,000 per year which she received in disability benefits. It was also established that the appellant engaged in financial misconduct and that he had sufficient resources to write dozens of checks to two former lovers. In the year 1998 alone, the appellant paid out over $5,200 to one of these women and over $800 to the other. Given these facts, including the parties' relative income and earning ability, the duration of the marriage, and the standard of living established during the marriage, the trial court's support order was appropriate and reasonable.
As was stated earlier in this opinion, the appellant was extremely evasive and uncooperative when testifying as to the details of his income and finances. It would not have been possible for any finder of fact to make heads or tails of the appellant's radically inconsistent testimony and the doctored financial figures presented to the court.
Having shown such disregard for the entire judicial process, the appellant cannot now be heard to complain that the trial court abused its discretion in awarding the appellee $510 per month in spousal support and assets totaling approximately $2,500 above what was agreed to by the parties in the signed stipulations submitted to the court.
R.C. 3105.171(E)(3) provides that a trial court may alter a division of marital property to compensate an offended party where there is evidence of financial misconduct:
 If a spouse has engaged in financial misconduct, including but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
The appellant plainly engaged in the concealment and dissipation of assets during the course of the marriage and the divorce proceedings. At the very least, the appellant concealed assets from the court and spent considerable resources in an inappropriate manner without the knowledge or consent of the appellee. The appellant's actions were compounded by his refusal to be cooperative or responsive at trial. Thus, the trial court was justified under R.C. 3105.171(E)(3) in making a greater award of marital property to the appellee.
For the foregoing reasons, the appellant's two assignments of error are overruled.
It is ordered that appellee recover of appellants her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and TERRENCE O'DONNELL, J., CONCUR.