DECISION
Relator, Henry G. Jones, an inmate of the Hocking Correctional Facility, commenced this original action requesting a writ of mandamus that orders respondent Judge Deborah P. O'Neill to resentence relator in accordance with this court's memorandum decision of September 28, 2000.
Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. In the decision, the magistrate determined respondent's motion for summary judgment should be granted, as relator has an adequate remedy at law by appealing the sentence the trial court imposed on remand. (Magistrate's Decision attached as Appendix A.)
Relator has filed objections to the magistrate's decision, contending the trial court abused its discretion in the sentence it imposed on remand, and further contending this court advised that an appeal was not available to relator.
The magistrate has properly stated the applicable law: mandamus is unavailable where an adequate remedy at law exists. Here, relator appealed his conviction, and in particular the sentence the trial court imposed. This court sustained relator's first three assignments of error, but found, with respect to the fourth assignment of error, relator had failed to timely appeal, rendering this court without jurisdiction to consider the merits of that assigned error.
On remand, the trial court resentenced relator. Rather than appeal, relator has filed the present action in mandamus. Because relator had an adequate remedy to address the trial court's sentence following remand, mandamus is inappropriate. Moreover, even though this court was unable to address relator's fourth assignment of error following the trial court's initial sentencing order, that fact does not render mandamus appropriate. Rather, relator had an adequate remedy at law; he simply failed to avail himself of that remedy within the time constraints imposed by the applicable rule. Because the remedy was available to relator, mandamus remains an inappropriate avenue to review either the original sentencing order of the trial court, or the sentence imposed on remand. Relator's objections are overruled.
Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, summary judgment is granted to respondent, and the requested writ is denied.
Objections overruled; motion granted; writ denied.
TYACK, P.J., and DESHLER, J., concur.
 IN MANDAMUS ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
In this original action, relator, Henry G. Jones, an inmate of the Hocking Correctional Facility, requests that a writ of mandamus issue against respondent Judge Deborah P. O'Neill. Relator requests that the writ order respondent to resentence relator in accordance with this court's memorandum decision of September 28, 2000.
Findings of Fact:
1. On November 29, 2001, relator filed this original action requesting a writ of mandamus ordering respondent to resentence relator in accordance with this court's memorandum decision of September 28, 2000.
2. According to the complaint, relator appealed to this court four sentences imposed upon him by respondent, a judge of the Franklin County Court of Common Pleas. In its memorandum decision of September 28, 2000, this court sustained relator's first, second and third assignments of error, reversed the judgment of the Franklin County Court of Common Pleas, and remanded the matter to the trial court for resentencing in accordance with this court's memorandum decision. In its memorandum decision, this court found that the trial court had failed to make the findings required by R.C. 2929.14(B) and (C) to support the imposition of the sentences. This court also found that the trial court had failed to make the findings required by R.C. 2929.14(E)(3) and 2929.19(B)(2)(c) to support the imposition of consecutive sentences.
3. According to the complaint, in resentencing relator, respondent failed to comply with this court's memorandum decision of September 28, 2000.
4. On January 9, 2002, respondent filed a Civ.R. 56 motion for summary judgment. In support of her motion, respondent submitted an affidavit from an employee of the clerk of the Franklin County Court of Common Pleas. The affidavit authenticates an attached copy of a "Judgment Entry On Remand" filed by respondent on October 31, 2000, in two criminal cases styled as "State of Ohio v. Henry G. Jones."
5. In the October 31, 2000 judgment entry aforementioned, respondent states: "This matter is before the Court for resentencing pursuant to the opinion of the Court of Appeals, Tenth Appellate District, rendered on September 28, 2000."
6. In the October 31, 2000 judgment entry, respondent makes certain findings and then concludes:
 * * * [T]he Court believes the sentencing statutes have been satisfied, the required findings made, and the defendant is re-sentenced in Case No. 98CR09-5164 to the original sentence of: SEVENTEEN (17) MONTHS as to Count Three; SEVENTEEN (17) MONTHS as to Count Four and twelve (12) MONTHS as to Count Five, to run concurrent with each other. In Case No. 99CR08-4217 the defendant is re-sentenced to: TWELVE (12) MONTHS on Count One; to be served consecutive to Case No. 98CR09-5164, at the OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.
7. On January 11, 2002, pursuant to Civ.R. 56, this court issued notice to the parties that respondent's motion for summary judgment would be submitted to the magistrate on January 28, 2002.
8. On January 22, 2002, relator filed a written response to the summary judgment motion. Relator does not dispute that respondent filed her "Judgment Entry On Remand" on October 31, 2000.
Conclusions of Law:
It is the magistrate's decision that this court grant respondent's motion for summary judgment, as more fully explained below.
Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
It is well settled that in order for a writ of mandamus to issue, relator must demonstrate: (1) that he has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29.
A writ of mandamus can be appropriate to require a lower court to comply with the mandate of a superior court. State ex rel. Berthelot v. Dezso (1999), 86 Ohio St.3d 257, 259. However, a writ of mandamus will not issue to control the discretion of the lower court even if that discretion is abused. Id. Where any errors committed by the lower court can be remedied on appeal, mandamus will not issue as a substitute for an appeal to review mere errors of judgment. Id.
Here, this court's remand for resentencing left to the trial court some discretion in rendering the findings necessary to support the new sentences. Undisputedly, respondent has exercised that discretion in resentencing relator. If, as relator claims, respondent's exercise of discretion constitutes an abuse of discretion, the error can be corrected on appeal to this court. This mandamus action cannot be used to control the discretion of the trial court even if that discretion was abused. Berthelot, supra.
As the Berthelot court indicates, mandamus may be appropriate where the lower court unduly delays carrying out its duties under the superior court's mandate. Berthelot, at 259-260. See, also, State ex rel. Frailey v. Wolfe (2001), 92 Ohio St.3d 320 . Here, it was respondent's act of resentencing that prompted relator's action. Hence, undue delay is not a basis upon which mandamus can lie.
Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment.