DECISION ON OBJECTION TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, David D. Palmer, has filed with this court a pro se petition for writ of prohibition or mandamus. This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court dismiss relator's action under Civ.R. 12(B)(6) for failure to state a claim upon which relief in mandamus or prohibition can be granted. (Attached as Appendix A.) Relator has filed an objection to the magistrate's decision.
 {¶ 2} The relevant facts, as set forth by the magistrate, indicate that relator initiated a personal injury suit in the Franklin County Court of Common Pleas (case No. 03CVH-9391) against two physicians, sounding in tort and/or contract. The case was assigned to respondent, Judge Guy L. Reece. On October 9, 2003, relator filed a motion for default judgment, and, on October 23, 2003, he filed a motion to strike pursuant to Civ.R. 12(F). By decision and entry filed on December 5, 2003, the trial court denied both of plaintiff's motions, based upon the court's finding that the defendants in the underlying case had timely filed their answer on October 14, 2003.
 {¶ 3} In his pro se petition for prohibition or mandamus, relator asserts that the trial court was "mandated by law" to grant his motion for default judgment because the defendants were properly served but "failed to appear within the mandated 28 days." The magistrate concluded that mandamus and prohibition did not lie, finding that relator had an adequate remedy at law by way of appeal, and that the factual allegations in relator's petition failed to establish that respondent patently lacks jurisdiction to preside over the action. In his objection, relator challenges the magistrate's recommendation that this action be dismissed, pursuant to Civ.R. 12(B)(6), again asserting that respondent erred in failing to grant his motion for default judgment and in denying certain discovery requests.
 {¶ 4} Neither prohibition nor mandamus will be available where relator possesses an adequate remedy in the ordinary course of law. State ex rel. Newton v. Court of Claims (1995),73 Ohio St.3d 553, 555. Further, an extraordinary writ will not issue to control a trial court's discretionary authority, "even if that discretion is abused." Berthelot v. Dezso (1999),86 Ohio St.3d 257, 259.
 {¶ 5} In the instant case, the magistrate properly concluded that, even assuming the trial court erred in failing to grant relator's motion for default judgment, such alleged error is subject to appeal following the trial court's rendering of a final, appealable order. Thus, as relator has an adequate remedy through appeal to attain the relief he desires, and because we agree with the magistrate that the factual allegations of the petition do not establish that respondent patently lacks jurisdiction, relator has failed to show extraordinary circumstances entitling him to relief in mandamus or prohibition. Similarly, given the trial court's discretion over discovery matters, any alleged errors by respondent "will be remediable on appeal." Id.
 {¶ 6} Based upon the foregoing, we agree with the magistrate that relator's petition in mandamus or prohibition fails to state a claim upon which this court can grant relief. Accordingly, we overrule relator's objection and adopt the findings of fact and conclusions of law contained in the magistrate's decision and hereby order that this action be dismissed.
Objection overruled; action dismissed.
Bryant and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. David D. Palmer, : Relator, : v. : No. 04AP-193 Judge Guy L. Reece, II, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION Rendered on March 19, 2004 David D. Palmer, pro se.
 IN MANDAMUS AND PROHIBITION ON SUA SPONTE DISMISSAL {¶ 7} In this original action, relator, David D. Palmer, seeks a writ of mandamus compelling respondent, Judge Guy L. Reece, II, of the Franklin County Court of Common Pleas, to vacate his order denying relator's motion for default judgment in a medical malpractice action, and compelling respondent to grant the motion in the trial court. Relator also purports to ask for relief in prohibition, prohibiting any further proceedings in the malpractice action due to lack of jurisdiction. For the reasons set forth below, the magistrate concludes that this action should be dismissed under Civ.R. 12(B)(6) for failure to state a claim upon which relief in mandamus or prohibition can be granted.
Allegations of the Complaint:
 {¶ 8} 1. In his complaint, relator describes a personal injury action that he brought in the Franklin County Court of Common Pleas against two physicians, sounding in tort and/or contract. The action, Palmer v. Williams et al., Case No. 03CVH-9391, was assigned to respondent. Relator has attached to his present complaint a copy of the complaint he filed in the trial court.
 {¶ 9} 2. Relator also describes problems with obtaining service on defendant(s) in the trial court, and he has attached to his complaint documents relating to service of process. Relator asserts that both defendants were ultimately served or otherwise given due notice of the action but that neither filed an answer.
 {¶ 10} 3. Relator then filed a motion for default judgment, which respondent denied. Relator has attached a copy of the order denying default judgment.
Conclusions of Law:
 {¶ 11} In this action, relator has failed to state a claim on which relief in mandamus or prohibition can be granted. The factual allegations of the complaint, even when accepted as proven, do not support the granting of a writ of mandamus or a writ of prohibition. In reviewing this matter under Civ.R. 12(B), the magistrate has accepted all factual allegations in the complaint as though proven to be true and has treated all unauthenticated documents attached to the complaint as additional allegations of the complaint, accepting them as well.
 {¶ 12} For an extraordinary writ of mandamus to issue, the relator must prove, among other things, that he has no plain and adequate remedy in the ordinary course of law. E.g., State exrel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. In the present action, the magistrate concludes that relator has an adequate remedy at law. Even assuming that the trial court erred in failing to grant the motion for default judgment, the magistrate concludes that the alleged error is subject to appeal upon the trial court's rendering of a final, appealable order. Accordingly, because relator has an adequate remedy in the ordinary course of law, extraordinary relief in mandamus is not warranted, as he can appeal adverse rulings to the appellate court at the appropriate time.
 {¶ 13} In contrast, a writ of prohibition is issued where a lower court patently and unambiguously lacks jurisdiction over the cause, and it requires the court to cease its unauthorized exercise of jurisdiction in the case before it. E.g., State exrel. Ohio Dept. of Mental Health v. Nadel, 98 Ohio St.3d 405,2003-Ohio-1632. With respect to the present complaint, the magistrate concludes that, even when all the factual allegations are accepted as proven, claimant cannot meet his burden of proof in prohibition. The factual allegations, even when accepted as true, do not establish that respondent patently lacks jurisdiction to preside over the action in Palmer, supra. Even where the trial court has erroneously denied a motion for default judgment in a personal injury action, that error does not strip the court of jurisdiction to preside over the matter.
 {¶ 14} Accordingly, the magistrate recommends that the court sua sponte dismiss the present action under Civ.R. 12(B)(6) for failure to state a claim on which relief in mandamus or prohibition can be granted.
 /s/ P.A. Davidson
P.A. DAVIDSON MAGISTRATE