[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 320.]

THE STATE EX REL. FRAILEY, APPELLANT, *v.* WOLFE, JUDGE, APPELLEE.

[Cite as *State ex rel. Frailey v. Wolfe*, 2001-Ohio-197.]

*Mandamus and prohibition sought to compel common pleas court judge to comply with court of appeals' mandate in a divorce action—Costs of writ action sought by relator after compliance by court—Dismissal of cause as moot and denial of request for award of costs by court of appeals affirmed, when.*

(No. 00-2329—Submitted April 24, 2001—Decided July 18, 2001.)

APPEAL from the Court of Appeals for Licking County, No. 00CA63.

————————————

*Per Curiam.*

{¶ 1} In November 1999, appellant, Jonathan E. Frailey, and his wife executed a settlement memorandum concerning their divorce case in the Licking County Court of Common Pleas, Domestic Relations Division. Appellee, Judge William A. Wolfe, approved this memorandum. Subsequently, Judge Wolfe approved an agreed judgment entry—decree of divorce, shared parenting decree, and shared parenting plan—that had been prepared by the attorney for Frailey's wife.

{¶ 2} On June 1, 2000, the Court of Appeals for Licking County found that the judgment of the trial court did not accurately reflect the parties' settlement memorandum, vacated the judgment, and remanded the matter to the trial court "to reenter final judgment in accordance with the parties' Settlement Memorandum." *Frailey v. Frailey* (June 1, 2000), Licking App. No. 00CA24, unreported, 2000 WL 873654.

{¶ 3} In August 2000, Frailey filed a complaint in the court of appeals for a writ of mandamus to compel Judge Wolfe to comply with that court's June 1, 2000

judgment and a writ of prohibition to prevent Judge Wolfe from entering a judgment inconsistent with the June 1, 2000 order. On September 18, 2000, Judge Wolfe entered a judgment in the divorce case in accordance with the court of appeals' June 1, 2000 mandate. In a November memorandum, Frailey agreed that Judge Wolfe complied with the mandate of the court of appeals but asserted that Judge Wolfe should still pay for Frailey's costs in his writ action.

{¶ 4} In November 2000, the court of appeals dismissed the cause as moot. The court of appeals also denied Frailey's request for an award of costs.

{¶ 5} In his appeal of right, Frailey contends that the court of appeals erred in dismissing the cause as moot and in not awarding costs to him. Frailey's contentions lack merit.

{¶ 6} "Writs of mandamus and prohibition are appropriate to require lower courts to comply with and not proceed contrary to the mandate of a superior court." *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257, 259, 714 N.E.2d 888, 890. But, as Frailey conceded in the proceedings below, Judge Wolfe subsequently complied with the mandate of the court of appeals, thereby rendering Frailey's action moot. See, *e.g.*, *State ex rel. Smith v. Fuerst* (2000), 89 Ohio St.3d 456, 457, 732 N.E.2d 983, 984 ("[M]andamus will not issue to compel an act that has already been performed.")

{¶ 7} Moreover, Civ.R. 54(D), which states that, in general, "costs shall be allowed to the prevailing party unless the court otherwise directs," grants trial courts discretion to order prevailing parties to bear all or part of their own costs. *State ex rel. Reyna v. Natalucci-Persichetti* (1998), 83 Ohio St.3d 194, 198, 699 N.E.2d 76, 79. No abuse of that discretion is evident here.

{¶ 8} In fact, the analogous Federal Rule of Civil Procedure confers similar discretionary authority on federal trial courts. Fed.R.Civ.P. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs"); see, also, 10 Wright, Miller & Kane, Federal Practice and

Procedure (1998) 221, Section 2667, construing the federal rule ("[I]n suits seeking injunctive relief, if the defendant alters its conduct so that plaintiff's claim becomes moot before judgment is reached, costs *may* be allowed if the court finds that the changes were the result, at least in part, of plaintiff's litigation." [Emphasis added.]).

{¶ 9} In other words, the court of appeals, which issued the remand order that Frailey sought to enforce, was in the best position to determine whether Frailey's writ action prompted Judge Wolfe to comply with the court's mandate. See *Berthelot*, 86 Ohio St.3d at 259, 714 N.E.2d at 890 ("Certainly, the court of appeals was in the best position to determine if Judge Dezso had violated its remand order.")

{¶ 10} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Jonathan E. Frailey, pro se*.

*Robert L. Becker*, Licking County Prosecuting Attorney, and *Brent W. Shenk*, Assistant Prosecuting Attorney, for appellee.

_____