[Cite as *State ex rel. Lacking v. Woods*, 2016-Ohio-5207.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ivan J. [Lacking], | : | |
| Relator, | : | |
| v. | : | No. 16AP-49 |
| [Honorable] Judge William [H.] Woods, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on August 2, 2016

**On brief:** *Ivan J. Lacking,* pro se.

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Jeffrey C. Rogers,* for respondent.

IN PROCEDENDO
ON MOTION TO DISMISS

HORTON, J.

{¶ 1} Relator, Ivan J. Lacking, an inmate incarcerated at Chillicothe Correctional Institution, has filed an original action requesting that this court issue a writ of procedendo ordering respondent, the Honorable William H. Woods, a judge of the Franklin County Court of Common Pleas, to rule on motions for resentencing based on a void judgment in criminal proceedings in Franklin C.P. Nos. 09CR-5537 and 09CR-5876.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court who issued the appended decision, including findings of fact and conclusions of law, recommending that this court dismiss relator's action for failure to comply with the requirements of R.C. 2969.25, and that this court order relator to pay the costs of the proceedings. Relator filed an objection only as to the payment of costs.

{¶ 3}   On February 12, 2016, respondent filed a motion to dismiss relator's complaint, asserting that relator's request for a writ of procedendo was moot as respondent had already ruled on the underlying motions. In support, respondent attached to his motion copies of the dockets for Franklin C.P. Nos. 09CR-5537 and 09CR-5876, indicating the ruling on and denial of relator's motions for resentencing.

{¶ 4}   Under Ohio law, procedendo will not lie to compel an act that has already been performed. *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1. As respondent has already ruled on relator's motions, relator's request for a writ of procedendo is moot. Accordingly, we grant respondent's motion to dismiss.

{¶ 5}   Based on the foregoing, respondent's motion to dismiss is granted, the decision of the magistrate is vacated and relator's objection is moot, and relator's request for a writ of procedendo is dismissed as moot.

*Motion to dismiss granted; action dismissed.*

TYACK and SADLER, JJ., concur.

————————————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ivan J. [Lacking], | : | |
| Relator, | : | |
| v. | : | No. 16AP-49 |
| [Honorable] Judge William Woods, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on February 26, 2016

*Ivan J. Lacking,* pro se.

### IN PROCEDENDO
### ON SUA SPONTE DISMISSAL

{¶ 6}   Relator, Ivan J. Lacking, has filed this original action requesting that this court issue a writ of procedendo ordering respondent, the Honorable William Woods, judge of the Franklin County Court of Common Pleas, to rule on a motion relator has pending in his underlying criminal action.

<u>Findings of Fact</u>:

{¶ 7}   1. Relator is an inmate currently incarcerated at Chillicothe Correctional Institution.

{¶ 8}   2. On January 22, 2016, relator filed this procedendo action asking this court to order respondent to rule on a motion relator has pending in his underlying criminal case.

{¶ 9}   3. At the time he filed this procedendo action, relator filed an affidavit of each appeal or civil case he has filed in the previous five years.

{¶ 10} 4. Relator also filed an affidavit of indigency; however, relator failed to include a statement of the amount in his inmate account for each of the preceding six months, as certified by the institutional cashier, nor filed a statement of all other cash and things of value he owns.

Conclusions of Law:

{¶ 11} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the mandatory requirements of R.C. 2969.25(C).

{¶ 12} In regard to filing fees, R.C. and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for each of the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 13} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 14} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Ohio Supreme Court affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> * * * Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint--August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the $10) is forwarded to the clerk each month until the fees are paid.

employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.

Finally, because Pamer did not prevail and did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at ¶ 5-7.

{¶ 15} Likewise, in *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court of Ohio affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six month preceding the filing of his complaint; however, the statement was not certified by the prison cashier.

{¶ 16} In affirming the judgment of the appellate court, the Supreme Court stated:

"The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."

Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his

complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush,* 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 17} Pursuant to the above-cited authority, and because relator has failed to file a cashier statement which complies with the requirements of R.C. 2969.25(C), and relator cannot cure these deficiencies at a later date, dismissal of the complaint is warranted.

{¶ 18} Further, pursuant to the above authority, inasmuch as relator did not prevail and did not establish his indigency, this court should order him to pay the costs of the proceedings.

{¶ 19} The magistrate, accordingly, recommends that the court dismiss the action.


/S/ MAGISTRATE
STEPHANIE BISCA


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).