[Cite as *State ex rel. Richardson v. Cocroft*, 2017-Ohio-65.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [The State ex rel. Martin Richardson, | : | |
| Relator, | : | |
| v. | : | No. 16AP-655 |
| Judge Kimberly Cocroft, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

D E C I S I O N

Rendered on January 10, 2017

**On brief:** *Martin Richardson,* pro se.

IN PROCEDENDO
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

TYACK, P.J.

{¶ 1} Martin Richardson filed an action in procedendo, seeking to compel common pleas court Judge Kimberly Cocroft to rule on a motion he filed a few months earlier.

{¶ 2} In accord with Loc.R. 13 of the Tenth District Court of Appeals, the case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate, upon reviewing the document filed by Richardson, filed a magistrate's decision, appended hereto, in which she recommended that the case be dismissed because Richardson had not complied with R.C. 2969.25(A) and (C) which require that a prison inmate file an affidavit listing the actions and/or appeals the inmate has filed in the last five years and also require documents regarding the inmate prison financial account be filed.

{¶ 3}   Richardson has filed an objection to the magistrate's decision in which he does not really assert that he filed all the correct documents but asks us to allow the suit to go forward anyway.

{¶ 4}   Unfortunately for Richardson, the applicable rulings of the Supreme Court of Ohio do not give us that option.

{¶ 5}   We overrule the objection to the magistrate's decision.   We adopt the findings of fact and conclusions of law in the magistrate's decision.   As a result, we dismiss this case without prejudice.

*Objections overruled; case dismissed.*

BROWN and HORTON, JJ., concur.

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [The State ex rel. Martin Richardson, | : | |
| Relator, | : | |
| v. | : | No. 16AP-655 |
| Judge Kimberly Cocroft, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 22, 2016

*Martin Richardson,* pro se.

IN PROCEDENDO
ON SUA SPONTE DISMISSAL

{¶ 6} Relator, Martin Richardson, has filed this original action requesting that this court issue a writ of procedendo ordering respondent, the Honorable Kimberly Cocroft, judge of the Franklin County Court of Common Pleas, to rule on his motion filed April 28, 2016.

Findings of Fact:

{¶ 7} 1. Relator is an inmate currently incarcerated at Ross Correctional Institution.

{¶ 8}   2. On September 19, 2016, relator filed this procedendo action asserting that respondent has failed to rule on his motion filed April 28, 2016 in his underlying criminal case.

{¶ 9}   3. At the time relator filed this action, he did not file an affidavit listing all actions or appeals of actions which he has filed in the last five years, as required by R.C. 2969.25(A).

{¶ 10} 4. Although he filed an affidavit of indigency, relator has failed to file an affidavit which includes a statement in his inmate account for each of the proceeding six months as certified by the institutional cashier, and a statement of all other cash and things of value he owns.

Conclusions of Law:

{¶ 11} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of both R.C. 2969.25(A) and (C).

{¶ 12} R.C. 2969.25(A) requires an inmate to file, at the time the inmate commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that the inmate has filed in the past five years, providing specific information regarding each civil action or appeal.  In the present action, relator has not filed the required affidavit.

{¶ 13} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.  Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 14} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action.  *State ex rel. Washington v. Ohio Adult Parole Auth.,* 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.,* 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters,* 80 Ohio St.3d 285 (1997).

{¶ 15} In the present action, relator has not filed the required affidavit regarding other civil actions that relator has filed, if any.

{¶ 16} In *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, an inmate, Carlos J. Fuqua, filed in the Allen County Court of Appeals a petition for a writ of habeas corpus. He requested leave to proceed in forma pauperis but he did not file the affidavit required by R.C. 2969.25(A) describing each civil action or appeal of a civil action that he had filed in the previous five years in any state or federal court.

{¶ 17} Fuqua's prison warden, Jesse J. Williams, moved to dismiss the petition.

{¶ 18} Fuqua requested leave in the court of appeals to amend his petition with the affidavit required by R.C. 2969.25(A).

{¶ 19} The court of appeals dismissed the petition for habeas corpus and Fuqua appealed as of right to the Supreme Court of Ohio.

{¶ 20} The Supreme Court, in *Fuqua* at ¶ 9 states:

> Fuqua's belated attempt to file the required affidavit does not excuse his non-compliance. See R.C. 2969.25(A), which requires that the affidavit be filed "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee." (Emphasis added.)

{¶ 21} In *Hawkins v. S. Ohio Correctional Facility,* 102 Ohio St.3d 299, 2004-Ohio-2893, an inmate, Jomo Hawkins, petitioned the Scioto County Court of Appeals for a writ of habeas corpus. However, Hawkins' petition did not contain the R.C. 2725.04(D) commitment papers nor the affidavit required by R.C. 2969.25(A). Later, Hawkins filed an un-notarized statement purporting to be his R.C. 2969.25(A) affidavit.

{¶ 22} Following dismissal of his action, Hawkins appealed as of right to the Supreme Court. Citing *Fuqua*, the *Hawkins* court affirmed the judgment of the court of appeals.

{¶ 23} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.
>
> In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.
>
> Finally, because Pamer did not prevail and did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. *See State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at ¶ 5-7.

{¶ 24} Likewise, in *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court of Ohio affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the prison cashier.

{¶ 25} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003 Ohio 2262, 788 N.E.2d 634, P 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the

> inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005 Ohio 3675, 831 N.E.2d 432, P 5.

*Id.* at ¶ 5-6.

{¶ 26} Because relator has failed to comply with the mandatory filing requirements of R.C. 2969.25(A) and (C), and because relator cannot cure these deficiencies at a later date, it is this magistrate's decision that this court should dismiss this action. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).