[Cite as *State ex rel. Lathan v. Ohio Court of Claims*, 2017-Ohio-444.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. [Darek] Lathan, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 16AP-433 |
| | : | |
| Court of Claims of Ohio, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on February 7, 2017

*Darek Lathan,* pro se.

*Michael DeWine*, Attorney General, and *Jordan S. Berman*, for respondent.

IN PROCEDENDO
ON SUA SPONTE DISMISSAL

LUPER SCHUSTER, J.

{¶ 1} Relator, Darek Lathan, has filed an original action requesting this court issue a writ of procedendo ordering respondent, Court of Claims of Ohio, to enter judgment in a case initiated by another inmate. Relator alleges that respondent has been dilatory in rendering judgment in that case, and that the dilatory conduct has prevented the case he filed in that court from proceeding forward.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court sua sponte dismiss the action. The magistrate concluded that

this action should be sua sponte dismissed because relator failed to comply with the requirements of R.C. 2969.25(C). Specifically, the magistrate found that relator failed to include with his complaint a statement of the amount in his inmate account for each of the preceding six months as certified by the institutional cashier and a statement of all other cash and things of value he owns.

{¶ 3} Subsequent to the filing of the magistrate's decision, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator filed a motion to strike respondent's motion to dismiss, and respondent filed a reply memorandum in support of its motion to dismiss. Relator then moved to strike respondent's reply memorandum. However, no objections to the magistrate's decision have been filed challenging the decision's findings of fact or conclusions of law that this action should be dismissed because relator failed to comply with the requirements of R.C. 2969.25(C).

{¶ 4} Finding no error of law or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, we sua sponte dismiss this action. Relator's motions to strike, and respondent's motion to dismiss pursuant to Civ.R. 12(B)(6), are rendered moot.

*Action dismissed;*
*motions rendered moot.*

KLATT and BRUNNER, JJ., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The State ex rel. [Darek] Lathan,        :

           Relator,                  :

                                :

v.                                     :             No.  16AP-433

                                :

[Ohio Court of Claims],               :         (REGULAR CALENDAR)

                                :

           Respondent.           :

                                :

M A G I S T R A T E ' S   D E C I S I O N

Rendered on June 28, 2016

*Darek Lathan,* pro se.

IN PROCEDENDO
ON SUA SPONTE DISMISSAL

{¶ 5}   Relator, Darek Lathan, has filed this original action requesting that this court issue a writ of procedendo to compel the Ohio Court of Claims to enter judgment in a case pending in that court in which he is involved.

Findings of Fact:

{¶ 6}   1. Relator is an inmate currently incarcerated at North Central Correctional Institution.

{¶ 7}   2. On June 9, 2016, relator filed this procedendo action.

{¶ 8}   3. At the time he filed this action, relator did not file an affidavit listing each civil action or appeal of a civil action that he has filed in the last five years.

{¶ 9}   4. Although relator attached a "Petition To Have Fee Waived For Filing Writ of Procedendo," relator did not include a statement of the amount in his inmate account for each of the preceding six months as certified by the institutional cashier nor a statement of all other cash and things of value he owns.

Conclusions of Law:

{¶ 10} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 11} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1]  Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 12} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action.  *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 13} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C).  Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint--August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars.  Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.

Finally, because Pamer did not prevail and did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at ¶ 5-7.

{¶ 14} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the prison cashier.

{¶ 15} In affirming the judgment of the appellate court, the Supreme Court stated:

"The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003 Ohio 2262, 788 N.E.2d 634, P 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."

> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable."

*Id.* at ¶ 5-6.

{¶ 16} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is this magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.



/S/ MAGISTRATE
STEPHANIE BISCA

## NOTICE TO THE PARTIES

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).