[Cite as *State ex rel. Newcomb v. Thalheimer*, 2018-Ohio-1525.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Jeffrey Newcomb, | : | |
| Relator, | : | |
| v. | : | No. 17AP-689 |
| Trace Thalheimer (Ohio Adult Parole Authority), | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on April 19, 2018

**On brief:** *Jeffrey Newcomb*, pro se.

**On brief:** *Michael DeWine,* Attorney General, and *Ina Avalon,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

LUPER SCHUSTER, J.

{¶ 1} Relator Jeffrey Newcomb has filed an original action requesting this court issue a writ of mandamus ordering Respondent Trace Thalheimer of the Ohio Adult Parole Authority to respond to his public records request. Respondent subsequently filed a motion to dismiss arguing relator failed to comply with R.C. 2969.25.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court dismiss relator's request for a writ of mandamus. No objections have been filed to that decision.

{¶ 3}   Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law.   In accordance with the magistrate's decision, we grant respondent's motion and dismiss this action.

*Motion to dismiss granted; action dismissed.*

BROWN, P.J., and SADLER, J., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Jeffrey Newcomb, | : | |
| Relator, | : | |
| v. | : | No. 17AP-689 |
| Trace Thalheimer (Ohio Adult Parole Authority), | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

**M A G I S T R A T E ' S   D E C I S I O N**

**Rendered on December 8, 2017**

*Jeffrey Newcomb,* pro se.

*Michael DeWine,* Attorney General, and *Ina Avalon,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 4}  Relator, Jeffrey Newcomb, has filed this original action requesting this court issue a writ of mandamus ordering Trace Thalheimer of the Ohio Adult Parole Authority, to respond to his public records request.

Findings of Fact:

{¶ 5}  1.  Relator is an inmate currently incarcerated at North Central Correctional Institution.

{¶ 6}  2.  On September 27, 2017, relator filed this petition for a writ of mandamus.

{¶ 7}    3. At the time he filed his complaint, relator filed an affidavit of indigency and attached thereto a certified copy of the amount in his inmate account for the months February 1 through July 22, 2017.

{¶ 8}    4. On October 23, 2017, respondent filed a motion to dismiss on grounds that relator had failed to comply with the mandatory requirements of R.C. 2969.25(C).

{¶ 9}    5. Relator has not filed a response to respondent's motion to dismiss.

{¶ 10} 6. The matter is currently before the magistrate on motion.

Conclusions of Law:

{¶ 11} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's mandamus action.

{¶ 12} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 13} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 14} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.

Finally, because Pamer did not prevail and did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at ¶ 5-7.

{¶ 15} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 16} In affirming the judgment of the appellate court, the Supreme Court stated:

"The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account

> of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 17} Just as *Pamer's* cashier statement did not set forth the account balance for the month immediately preceding the filing of his mandamus complaint, relator's cashier statement here likewise did not set forth the account balance for the month immediately preceding the filing of his mandamus complaint: August 2017.

{¶ 18} Inasmuch as compliance with the provisions of R.C. 2969.25 is mandatory, relator's failure to satisfy the statutory requirements constitutes grounds for dismissal of the action. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).