[Cite as *State ex rel. Anderson v. Sheeran*, 2019-Ohio-600.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Kim Anderson, | : | |
| Relator, | : | |
| v. | : | No. 18AP-613 |
| Judge Patrick E. Sheeran, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on February 19, 2019

*Kim Anderson,* pro se*.*

*Ron O'Brien,* Franklin County Prosecuting Attorney*,* and *Bryan B. Lee,* for respondent.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

BRUNNER, J.

{¶ 1} Relator, Kim Anderson, an inmate of the Marion Correctional Institution ("MCI"), commenced this original action requesting a writ of mandamus ordering respondent, Judge Patrick E. Sheeran, trial court judge of the Franklin County Court of Common Pleas, to modify the amount of restitution he is ordered to pay, to order his immediate release from incarceration, and to order the money removed from his inmate account be reimbursed. For the reasons that follow, we adopt the magistrate's decision and sua sponte dismiss this action.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Anderson filed his complaint in mandamus on August 13, 2018. At the time Anderson filed this action, he submitted an affidavit of indigency and attached a certified statement of MCI's cashier setting forth the balance in his inmate account for the period of November 1, 2017 through May 10, 2018. On August 24, 2018, Judge Sheeran filed a

motion to dismiss this action pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. On September 28, 2018, Anderson filed a motion for leave to reply to the motion to dismiss.

{¶ 3} This Court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. On September 27, 2018, the magistrate issued a decision, including findings of fact and conclusions of law. The magistrate concluded the inmate account statement Anderson had filed failed to satisfy the mandatory filing requirements of R.C. 2969.25(C), which requires a statement setting forth the balance in Anderson's inmate account for each of the six months preceding the filing of his complaint. The magistrate concluded Anderson had failed to satisfy the mandatory filing requirements of R.C. 2969.25(C)(1) and recommended sua sponte dismissal of this action. The magistrate further recommended that, inasmuch as Anderson did not prevail and did not establish indigency, this Court should order him to pay the costs of the proceedings.

{¶ 4} On October 2, 2018, the magistrate issued an order denying as moot Judge Sheeran's August 24, 2018 motion to dismiss and Anderson's September 28, 2018 motion for leave to file a reply to Judge Sheeran's motion to dismiss.

{¶ 5} Anderson filed no objections to the magistrate's decision.

## II. LAW AND DISCUSSION

{¶ 6} It is well-settled that compliance with the requirements of R.C. 2969.25 is mandatory and cannot be cured after the fact. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4. Failure to comply fully with R.C. 2969.25(C)(1) warrants dismissal of the complaint. *State ex rel. Pamer v. Collier,* 108 Ohio Std.3d 492, 2006-Ohio-1507, ¶ 5.

{¶ 7} While Anderson did provide an affidavit of indigency and a certified cashier statement of his inmate account, the statement does not set forth the account balance for each of the six months preceding the filing of this action, as required by the statute. Specifically, the cashier statement covers only through May 10, 2018, while Anderson filed his petition in August 2018. This renders his petition fatally defective. "When the petitioner's cashier statement does not set forth the account balance for the month immediately preceding [petitioner's] mandamus complaint, his failure to comply with R.C. 2969.25(C)(1) warrants dismissal of the complaint." *Al'Shahid v. Cook*, 144 Ohio St.3d 15,

2015-Ohio-2079, ¶ 10, citing *State ex rel. Pamer* at ¶ 5, citing *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, ¶ 5.

{¶ 8}   Anderson failed to comply with the mandatory requirements of R.C. 2969.25(C)(1), and his petition for a writ of mandamus warrants dismissal.

## III.  CONCLUSION

{¶ 9}   Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein.  On review of the magistrate's decision, an independent review of the record and the applicable law, we dismiss this action sua sponte.  Inasmuch as Anderson did not prevail and did not establish indigency, this Court orders him to pay the costs of the proceedings.

*Petition for writ of mandamus dismissed;*
*respondent's motion to dismiss moot;*
*relator's motion to file a reply to motion to dismiss moot.*

KLATT, P.J., and McGRATH, J., concur.

McGRATH, J., retired, formerly of the Tenth Appellate District,
assigned to active duty under authority of the
Ohio Constitution, Article IV, Section 6(C).

_____

<u>APPENDIX</u>

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


| | | |
|---|---|---|
| The State ex rel. Kim Anderson, | : | |
| Relator, | : | |
| v. | : | No.  18AP-613 |
| Judge Patrick E. Sheeran, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

**Rendered on September 27, 2018**

*Kim Anderson,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 10} Relator, Kim Anderson, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Patrick E. Sheeran, trial court judge of the Franklin County Court of Common Pleas, to modify the amount of restitution he is ordered to pay, order his immediate release from incarceration, and order that money removed from his inmate account be reimbursed.

<u>Findings of Fact</u>:

{¶ 11} 1.   Relator is an inmate currently incarcerated at Marion Correctional Institution.  On August 13, 2018, relator filed the instant mandamus action.

{¶ 12} 2.   At the time he filed this mandamus action, relator submitted an affidavit of indigency and attached a certified copy which includes the amount in his inmate account for the months November 1, 2017 through May 10, 2018.

Conclusions of Law:

{¶ 13} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 14} In regard to filing fees, R.C. 2969.25(C) and 2969.22distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 15} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 16} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

> In addition, nothing in R.C. 2969.25required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.
>
> Finally, because Pamer did not prevail and did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at ¶ 5-7.

{¶ 17} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 18} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush,* 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 19} Just as Pamer's cashier statement did not set forth the account balance for the month immediately preceding the filing of his mandamus complaint, relator's cashier's statement here does not set forth the account balance for the two months immediately preceding the filing of his mandamus complaint: August 2018. Because the requirements of R.C. 2969.25are mandatory, relator's failure to comply with R.C. 2969.25(C) subjects his action to dismissal. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).