[Cite as *State ex rel. Battin v. Lynch*, 2019-Ohio-2457.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James L. Battin, | : | |
| Relator, | : | |
| | | No.  18AP-584 |
| v. | : | (REGULAR CALENDAR) |
| Judge Julie Marie Lynch, | : | |
| Respondent. | : | |

---

D E C I S I O N

Rendered on June 20, 2019

---

*James L. Battin,* pro se.

---

IN PROHIBITION

BROWN, J.

{¶ 1}   Relator, James L. Battin, has filed this original action requesting this court issue a writ of prohibition on grounds that respondent, the Honorable Julie Marie Lynch, a judge of the Franklin County Court of Common Pleas, did not have jurisdiction to proceed in his underlying criminal case.

{¶ 2}   This matter was referred to a magistrate of this court, pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the attached decision, including findings of fact and conclusions of law, and recommended this court dismiss relator's complaint for a writ of prohibition. No objections have been filed to that decision. However, respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 3}   As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based on an independent review of the

file, this court adopts the magistrate's decision. Therefore, we dismiss relator's complaint for a writ of prohibition. Respondent's motion to dismiss is rendered moot.

*Action dismissed.*

SADLER and DORRIAN, JJ., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The State ex rel. James L. Battin,          :

        Relator,                          :

v.                                          :                    No.  18AP-584

Judge Julie Marie Lynch,                    :                (REGULAR CALENDAR)

        Respondent.                       :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 15, 2018

---

*James L. Battin,* pro se.

---

IN PROHIBITION
ON SUA SPONTE DISMISSAL

{¶ 4}   Relator, James L. Battin, has filed this original action requesting this court issue a writ of prohibition on grounds that respondent, the Honorable Julie Marie Lynch, judge of the Franklin County Court of Common Pleas, did not have jurisdiction to proceed in his underlying criminal case.

Findings of Fact:

{¶ 5}   1. Relator is an inmate currently incarcerated at London Correctional Institution.

{¶ 6}   2. Relator was charged with one count of kidnapping and one count of rape with the specification that a firearm was used during the commission of those crimes.

{¶ 7}   3. On March 16, 2015, relator withdrew his previously entered plea of not guilty and plead guilty to:

> Count 2: the stipulated lesser included offense of Felonious
> Assault, a violation of 2903.11 of the Ohio Revised Code, a

felony of the second degree with the three (3) year firearm specification.

{¶ 8} 4. Relator was sentenced as follows: "Four (4) years in the Ohio Department of Rehabilitation of Correction plus three (3) years for the firearm specification. Total= 7 years in the Ohio Department of Rehabilitation and Correction."

{¶ 9} 5. Relator did not file an appeal; however, on September 26, 2017, relator filed a motion to vacate conviction, sentence, and dismiss indictment with prejudice. In that motion to vacate, relator raised the same issue he raises here: that the trial court exceeded its jurisdiction by accepting his plea to the offense of felonious assault when this charge was not specified in the indictment.

{¶ 10} 6. On November 28, 2017, respondent entered its decision and entry denying relator's motion finding that the motion was "barred by the doctrine of *res judicata* because the claim was actually raised or could have been raised in the trial court or on direct appeal from the judgment of conviction." (Emphasis sic.)

{¶ 11} 7. On December 27, 2017, relator appealed the decision and entry of the trial court denying his motion to vacate.

{¶ 12} 8. On June 28, 2018, this court affirmed the trial court's decision denying relator's petition for postconviction relief.

{¶ 13} 9. On July 31, 2018, relator filed this prohibition action asserting that respondent did not have jurisdiction to find him guilty of felonious assault.

{¶ 14} 10. At the time he filed this complaint, relator filed an affidavit of indigency; however, relator failed to attach thereto a statement of the amount in his inmate account for each of the preceding six months as certified by the institutional cashier, and a statement of all other cash and things of value that he owns.

Conclusions of Law:

{¶ 15} The magistrate recommends that this court dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 16} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by

the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 17} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 18} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.
>
> In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.
>
> Finally, because Pamer did not prevail and did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at ¶ 5-7.

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

{¶ 19} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C).   In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

> In affirming the judgment of the appellate court, the Supreme Court stated:
>
> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 20} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint.  Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.  And finally, as respondent determined when denying relator's motion to vacate, this is an issue which relator raised or could have raised on appeal.  Having failed to do so, relator cannot raise that issue now.  *Perry.*

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**