[Cite as *Hurst v. Jobes, Henderson Assoc.*, 2014-Ohio-2548.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MARK E. HURST | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13 CA 103 |
| JOBES, HENDERSON ASSOC., et al. | |
| Defendants-Appellees | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 13 CV 0864 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 12, 2014 |
| APPEARANCES: | |

| For Plaintiff-Appellant | For Defendants-Appellees |
|---|---|
| MARK E. HURST<br>PRO SE<br>19 East Street<br>Newark, Ohio 43055 | TIMOTHY J. RYAN<br>GALLAGHER, GAMS, PRYOR,<br>TALLAN & LITTRELL<br>471 East Broad Street, 19th Floor<br>Columbus, Ohio 43215 |
| | For Defendants-Appellees Robertsons |
| | ADAM K. VERNAU<br>ADAM VERNAU LLC<br>1288 Brittany Hills Drive<br>Newark, Ohio 43055 |

*Wise, J.*

**{¶1}** Plaintiff-Appellant, Mark E. Hurst, appeals the October 30, 2013, decision of the Licking County Court of Common Pleas granting Appellees' motion to dismiss the complaint.

### STATEMENT OF THE CASE AND FACTS

**{¶2}** On August 6, 2008, Appellant Mark E. Hurst was convicted by the Licking County Common Pleas Court, Case Number 2007 CR 00527, on one count of pandering obscenity involving a minor (F4), one count of pandering sexually oriented material involving a minor (F4), and one count of illegal use of a minor in nudity oriented material or performance (F5).

**{¶3}** On August 27, 2013, Appellant filed a Complaint in the Court of Common Pleas, Licking County, Ohio naming Appellees Richard Day, Jobes, Henderson and Associates, Inc., Robertson Construction, Inc. and Christian Robertson as Defendants.

**{¶4}** Appellant alleges the discovery of child pornography on his computer led to felony charges against him. While Appellant does not specifically identify the date and time when Appellees are alleged to have engaged in wrongful behavior, he argues the wrongfully obtained information was utilized in the case against him and helped secure his conviction on August 6, 2008. Accordingly, it is apparent the alleged wrongful conduct occurred sometime prior to August 6, 2008.

**{¶5}** Appellant contends the Appellees violated his constitutional rights. More specifically, he argues the Appellees' intentional and/or gross negligent behavior deprived him of his right to a fair trial, as guaranteed by the Sixth Amendment of the United States Constitution.

**{¶6}** According to the Complaint, Appellant alleges he was an employee of Robertson Construction, which is owned and operated by Christian Robertson. He alleges that Jobes, Henderson & Associates subcontracts its employee Richard Day to Robertson Construction to install and upkeep its computer system.

**{¶7}** Appellant alleged that some time prior to August 6, 2008, Mr. Day accessed Appellant's work computer and discovered child pornography stored on the machine. Mr. Day is alleged to have accessed the computer "no less than five times" following the discovery of the pornographic material in an effort to preserve the evidence. Later in the Complaint, Mr. Day is alleged to have accessed the computer as many as seven times. Appellant's Complaint goes on to allege that Mr. Day burned two compact disks and also took Appellant's computer off the Robertson Construction's network. Appellant concludes in the Complaint that the conduct of Mr. Day was "not only improper, it was illegal." According to Appellant, the fact Mr. Day accessed the computer "no less than seven times" while the computer was still connected to the internet altered and contaminated the evidence.

**{¶8}** As the employer of Mr. Day, Appellant alleges that Appellee Jobes, Henderson and Associates is "culpable for their employees' actions."

**{¶9}** On February 23, 2013, Appellees filed a motion in Common Pleas Court to dismiss the Complaint pursuant to Ohio Civil Rule 12(B)(6). Appellees argued Appellant's Complaint, taken at face value, did not state a cause of action that is recognizable under Ohio law against Mr. Day and, by implication, against Jobes Henderson and Associates. In addition, the Appellees argued in the motion that any

cause of action which could conceivably arise out of the conduct of Mr. Day was barred by the related statute of limitations.

{¶10} On October 1, 2013, Appellees Christian Robertson and Robertson Construction, Inc., filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6).

{¶11} On October 30, 2013, the trial court granted Appellees' Motions to Dismiss the Complaint, finding there to be no right of action pursuant to the Sixth Amendment of the United States Constitution between one private citizen against another private citizen. Further, the trial court indicated that any conceivable cause of action that might arise out of the alleged behavior described in Appellant's Complaint was barred by the statute of limitations. Accordingly, the court dismissed Appellant's Complaint.

{¶12} Appellant now appeals, assigning the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

{¶13} "I. THE COURT OF COMMON PLEAS, LICKING COUNTY, OHIO ABUSED THEIR DISCRETION BY DISMISSING APPELLANT'S COMPLAINT PURSUANT TO CIV.R.12(B)(6).

{¶14} II. THE COURT ABUSED THEIR DISCRETION, WHEN THEY ALTERED PLAINTIFF'S COMPLAINT TO A 42 U.S.C. 1983.

{¶15} III. THE COURT ERRORED [SIC] WHEN THEY JUDGED THAT PLAINTIFF WAS UNTIMELY, AND ABUSED THEIR DISCRETION."

I., II., III.

{¶16} In each of his three Assignments of Error, Appellant argues that the trial court erred in dismissing his complaint. We disagree.

**{¶17}** Initially, Appellant argues that the trial court should not have granted Appellees' motions to dismiss because Appellees failed to put forth any evidence to contradict his claims and further that the trial court "totally ignored the evidence presented as Appendixes in Plaintiff's filings."

**{¶18}** We review a trial court order granting a motion to dismiss pursuant to Civil Rule 12(B)(6) under a de novo standard of review. *Greeley v. Miami Valley Maintenance Contrs., Inc.,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). In a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber,* 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

**{¶19}** In order for a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the nonmoving party's favor. *State ex rel. Findlay Publishing Co. v. Schroeder,* 76 Ohio St.3d 580, 581, 1996–Ohio–360, 669 N.E.2d 835. A complaint may not be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations unless the complaint on its face conclusively indicates that the action is time-barred. *McKinley* at ¶ 13.

**{¶20}** When ruling on a Civ.R. 12(B)(6) motion, a court may not rely upon evidence or allegations outside the complaint. *State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206, 207, 1997–Ohio–169, 680 N.E.2d 985. Civ.R. 12(B)(6) instructs in pertinent part:

**{¶21}** In the instant case, the trial court construed all of the allegations contained in Appellant's complaint in his favor and presumed all factual allegations to be true. However, even in so doing, the trial court found that Appellant failed to state a cause of action upon which relief could be granted because the only allegations raised in said Complaint were Sixth Amendment rights violations.

**{¶22}** While Appellant did not specifically characterize his claims as claims pursuant to 42 U.S.C. 1983, because Appellant was alleging a constitutional violation, the trial court construed his claims as an action under 42 U.S.C.1983, which provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.' " *Lugar v. Edmondson Oil Co., Inc.* (1982), 457 U.S. 922, 924, 102 S.Ct. 2744, 73 L.Ed.2d 482, quoting Section 1983.

**{¶23}** Specifically, 42 U.S.C. 1983 provides:

**{¶24}** "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * *."

**{¶25}** To prevail on a 1983 claim, a plaintiff must establish that (1) the conduct in controversy was committed by a person acting under color of law, and (2) the conduct deprived the plaintiff of a federal right, either constitutional or statutory. *Ziegler v. Aukerman,* 512 F.3d 777, 782 (6th Cir.2008).

**{¶26}** A person is acting under the color of state law if "the conduct allegedly causing the deprivation of a federal right [can] be fairly attribut[ed] to the State." *Id.* at 937. For fair attribution to the state to exist, the person charged with committing the deprivation "must be a person who may fairly be said to be a state actor." *Id.* "This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*

**{¶27}** Here, as found by the trial court, Appellees are not state actors. Further, Appellant has never alleged Appellees were state actors at any time.

**{¶28}** We likewise find that the trial court was correct in its finding that any claims brought pursuant to 42 U.S.C. 1983 were barred by the applicable two-year statute of limitations as Appellant's conviction occurred on August 6, 2008, and any action by Appellees would have had to have taken place prior to that date.

**{¶29}** We do not find that Appellant effectively raised any other causes of action in his complaint, however we do agree with the trial court that any causes of action sounding in libel, slander, malicious prosecution, and false imprisonment (one-year) or tort (four-year) or bodily injury (two-year) would likewise be time-barred.

**{¶30}** With regard to Appellant's argument that R.C. 2305.15(B) is unconstitutional as applied in this case, we find Appellant has forfeited any argument based on the Ohio Constitution because he failed to assert such an argument before the trial court. *State ex rel. Ohio Civ. Serv. Emp. Assn.,* 104 Ohio St.3d 122, 2004-Ohio-6363, 818 N.E.2d 688, at ¶ 10.

**{¶31}** We conclude that Appellant's causes of action for violation of his Sixth Amendment right to a fair trial under the United States Constitution is not cognizable against a private party.

**{¶32}**  Appellant's Assignments of Error are denied.

**{¶33}**   For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.


JWW/d