[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Swain v. Adult Parole Auth.,* Slip Opinion No. 2017-Ohio-9175.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9175

THE STATE EX REL. SWAIN, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Swain v. Adult Parole Auth.,* Slip Opinion No. 2017-Ohio-9175.]

*Mandamus—Action by inmate—R.C. 2969.25(C)—Failure to file six-month statement of balance in inmate's account certified by institutional cashier warrants dismissal—Defect cannot be cured—Dismissal by court of appeals affirmed.*

(No. 2017-0332—Submitted September 12, 2017—Decided December 27, 2017.)

APPEAL from the Court of Appeals for Franklin County, No. 16AP-519, 2017-Ohio-517.

_____

**Per Curiam.**

{¶ 1} Appellant, Sean Swain, sought a writ of mandamus in the Tenth District Court of Appeals to compel appellee, Ohio Adult Parole Authority, to

expunge its records of allegedly inaccurate information and to provide him with a "meaningful opportunity for parole based upon accurate factual findings." The Tenth District dismissed Swain's complaint due to his failure to attach to his affidavit of indigency a certified statement from the institutional cashier in compliance with R.C. 2969.25(C). We affirm the court of appeals' judgment.

{¶ 2} When an inmate files a civil action or appeal against a government entity or employee in a court of common pleas, court of appeals, county court, or municipal court, he must comply with the procedural requirements contained in R.C. 2969.25. *See also* R.C. 2969.21(B). R.C. 2969.25(C) requires an inmate seeking a waiver of the applicable filing fee to submit with his complaint an affidavit of indigency and "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." Noncompliance with the mandatory requirements of R.C. 2969.25 is fatal to a complaint for a writ of mandamus and warrants dismissal of the inmate's action. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, ¶ 5; *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

{¶ 3} When he filed his complaint in the court of appeals, Swain also filed a motion to proceed in forma pauperis, to which he attached an affidavit that attested to both his indigency and his prior civil actions. His motion stated that a certified cashier's statement of his prison account was attached, yet no statement was filed. He attempted to comply with the requirements by subsequently filing another affidavit of indigency and a statement of the running balance in his prison account for the previous six months.

{¶ 4} Swain's belated attempt to comply with R.C. 2969.25(C) "does not excuse his noncompliance." *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9. In addition, the account statement Swain attached to his affidavit was not certified by the institutional cashier. *State ex rel. Ridenour v.*

*Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, 883 N.E.2d 438 (affirming the dismissal of a mandamus action because the inmate's account statement was not certified by the institutional cashier). Thus, dismissal of Swain's petition was warranted on this basis.

{¶ 5} The court of appeals did not err by dismissing Swain's petition for noncompliance with R.C. 2969.25(C). We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Sean Swain, pro se.

Michael DeWine, Attorney General, and Zoe A. Lamberson, Assistant Attorney General, for appellee.

_____