[Cite as *State ex rel. Davis v. Holbrook*, 2018-Ohio-3389.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James Allen Davis, | : | |
| Relator, | : | |
| v. | : | No. 17AP-838 |
| Michael J. Holbrook,<br>Judge of the Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

# D E C I S I O N

## Rendered on August 23, 2018

*James Allen Davis*, pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Arthur J. Marziale, Jr.*, for respondent.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

SADLER, J.

{¶ 1}  Relator, James Allen Davis, has filed this original action requesting this court issue a writ of mandamus ordering respondent, the Honorable Michael J. Holbrook, judge of the Franklin County Court of Common Pleas, to prove the court had subject-matter jurisdiction over him in the underlying criminal cases involving multiple charges of rape.

{¶ 2}  This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals.  The magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended this court sua sponte dismiss the action because relator failed to comply with the requirements of R.C. 2969.25(C).  Relator filed five enumerated objections to the

magistrate's decision. For the reasons that follow, we agree that dismissal of relator's complaint is required.

{¶ 3} R.C. 2969.25provides in relevant part as follows:

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 4} The magistrate made the following relevant factual finding:

At the time relator filed this mandamus complaint, he did file an affidavit of indigency and sought the waiver of the prepayment of fees. However, relator failed to attach a statement of the balance in his inmate account for each of the preceding six months as certified by the institutional casher and also failed to provide a statement of all other cash and things of value he owns.

(Mag.'s Decision at ¶ 13.)

{¶ 5} Because our resolution of relator's fourth objection essentially disposes of this action, we will consider it first. In his fourth objection, relator acknowledges noncompliance with R.C. 2969.25(C) on filing this action, but he contends that he cured any defect in his original filing by his January 9, 2018 motion to amend his affidavit with a statement of the balance in his inmate account for each of the preceding six months as certified by the institutional cashier. Relator argues that his amended affidavit establishes compliance with the requirements of R.C. 2969.25(C)(1). The magistrate determined, however, that R.C. 2969.25(C) does not permit an inmate to subsequently cure defects in the original affidavit. We agree with the magistrate.

{¶ 6} The Supreme Court of Ohio has repeatedly held the requirements of R.C. 2969.25(C) are mandatory and the inmate's failure to comply with them requires dismissal

of the complaint. *State ex rel. Neil v. French*, __Ohio St.3d ___, 2018-Ohio-2692; *State ex rel. Evans v. McGrath*, 151 Ohio St.3d 345, 2017-Ohio-8290, ¶ 7; *State ex rel. Jackson v. Calabrese*, 143 Ohio St.3d 409, 2015-Ohio-2918, ¶ 5; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4. The Supreme Court has also consistently found that a "belated attempt to [file an affidavit that complies] with R.C. 2969.25(C) 'does not excuse [the] noncompliance.' " *State ex rel. Swain v. Ohio Adult Parole Auth.*, 151 Ohio St.3d 552, 2017-Ohio-9175, ¶ 4, quoting *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9; *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, ¶ 1. Because relator cannot cure his initial noncompliance with R.C. 2969.25(C)(1) by a subsequent amendment to his affidavit, relator's fourth objection is overruled.

{¶ 7}  In his third objection, relator contends the magistrate's factual findings are erroneous inasmuch as his affidavit filed with the complaint contains a statement of all other cash and things of value he owns as required by R.C. 2969.25(C)(2). We acknowledge that relator's affidavit contains the following averment: "I posses [sic] no sufficient funds, property, nor chattel to offer as security to the cost and fees related to, and this action." (Ex. A, attached to Nov. 28, 2017 Compl.)  However, even if we were to agree that the magistrate's factual finding is in error with respect to the specific requirement set forth in R.C. 2969.25(C)(2), the Supreme Court has observed that "R.C. 2969.25(C) does not permit substantial compliance." *Neil* at ¶ 7, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4. Consequently, any error in the magistrate's findings as to relator's compliance with R.C. 2969.25(C)(2) is harmless error, as a matter of law, given relator's admitted failure to comply with R.C. 2969.25(C)(1). Accordingly, relator's third objection is overruled.

{¶ 8}  Relator's remaining objections concern the merits of his complaint. Having determined, however, that relator failed to comply with the mandatory requirements of R.C. 2969.25(C) and that dismissal of relator's complaint is required, relator's remaining objections are overruled.

{¶ 9}  Following an independent review of this matter, we find the magistrate has properly determined the facts, with the single exception noted above, and applied the appropriate law. Accordingly, we overrule relator's objections and adopt the magistrate's

decision as our own, including the findings of fact as modified herein, and conclusions of law.   In accordance with the magistrate's recommendation, relator's action is hereby dismissed.

*Objections overruled;*
*action dismissed.*

**TYACK and DORRIAN, JJ., concur.**

————————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. James Allen Davis, | : | |
| Relator, | : | |
| v. | : | No. 17AP-838 |
| Michael J. Holbrook,<br>Judge of the Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

### MAGISTRATE'S DECISION
### NUNC PRO TUNC[1]

### Rendered on January 23, 2018

*Jim Allen Davis,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 10}  Relator, James Allen Davis, has filed this original action requesting this court issue a writ of mandamus ordering respondent, the Honorable Michael J. Holbrook, judge of the Franklin County Court of Common Pleas, to prove the court had subject-matter jurisdiction over him in the underlying criminal cases involving multiple charges of rape.

---

[1] This decision replaces, nunc pro tunc, the original decision released on December 21, 2017, and is effective as of that date. This decision adds Ron O'Brien, Prosecuting Attorney, and Arthur J. Marziale, Jr., for respondent.

Findings of Fact:

{¶ 11} 1. Relator is an inmate at Marion Correctional Institution.

{¶ 12} 2. On November 28, 2017, relator filed this mandamus complaint asserting the trial court abused its discretion when it proceeded to try him on multiple counts of rape because the trial court lacked subject-matter jurisdiction over him.

{¶ 13} 3. At the time relator filed this mandamus complaint, he did file an affidavit of indigency and sought the waiver of the prepayment of fees. However, relator failed to attach a statement of the balance in his inmate account for each of the preceding six months as certified by the institutional casher and also failed to provide a statement of all other cash and things of value he owns.

{¶ 14} 4. After this decision was drafted but before it was released, respondent filed a motion to dismiss asserting dismissal was appropriate because relator failed to comply with R.C. 2969.25(c).

Conclusions of Law:

{¶ 15} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 16} In regard to filing fees, R.C. 2969.25(C) and 2969.22distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[2] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 17} Compliance with the provisions of R.C. 2969.25 ismandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

---

[2]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

{¶ 18} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

> In addition, nothing in R.C. 2969.25required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.

> Finally, because Pamer did not prevail and did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at ¶ 5-7.

{¶ 19} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 20} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25are mandatory, and failure to comply with them subjects an inmate's action to dismissal."

*State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."

Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 21} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint. Respondent's motion to dismiss is denied as moot. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).