[Cite as *Myers v. Franklin Cty. Sheriff*, 2019-Ohio-3862.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Marvin E. Myers, Jr., | : | |
| Plaintiff-Appellant, | : | Nos. 18AP-842 and 18AP-989 |
| v. | : | (C.P.C. No. 17CV-9349) |
| Franklin County Sheriff et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 24, 2019

**On brief**: *Marvin E. Myers, Jr., pro se.*

**On brief**: *Dave Yost*, Attorney General, and *Jared S. Yee*, for appellee Scott Filicky.

**On brief**: *Reminger Co.*, *L.P.A.*, and *Robert W. Hojnoski*, for appellee NaphCare, Inc. and all "Doe" employees or agents of NaphCare, Inc.

APPEALS from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} In these consolidated appeals, plaintiff-appellant, Marvin E. Myers, Jr., appeals from a judgment of the Franklin County Court of Common Pleas granting motions to dismiss filed by defendants-appellees, Scott Filicky (individually "Filicky") and NaphCare, Inc. (individually "NaphCare").

{¶ 2} On October 18, 2017, appellant filed a pro se complaint naming various defendants including Filicky and NaphCare. The complaint alleged appellant is an inmate in the custody of the Franklin County Sheriff, and that Filicky is the "State of Ohio jail

inspector," while NaphCare is a medical company contracted to administer medical services to inmates.

{¶ 3}  Appellant alleged he has been incarcerated at the Franklin County Correctional Center since August 8, 2015, and that he "has very poor eyesight which requires him to wear glasses."  Further, the glasses he is currently wearing "are from a prescription from 2014," and he has a "medical need for new glasses."

{¶ 4}  According to the complaint, NaphCare "took over medical services at Franklin County Corr. Centers in June 2017," and a representative of NaphCare stated to appellant: "Due to contractual rules they can't supply glasses to me."  It was further alleged that Filicky "was sent a letter concerning the issue at hand," but "[i]nstead of coming down to the facility to investigate he made one (1) phone call and waited until the medical dept. tried to cover up the situation before even responding back."

{¶ 5}  The complaint alleged that defendants "deliberate indifference to medical needs violates plaintiff's Fifth, Eighth and Fourteenth Amendment rights under the United States Constitution" so as to constitute "cruel and unusual punishment." Appellant requested a declaratory judgment, preliminary and permanent injunctive relief, as well as compensatory damages in the amount of $50,000 against each defendant, jointly and severally.

{¶ 6}  On November 17, 2017, Filicky filed a motion to dismiss based on failure to state a claim upon which relief can be granted, qualified immunity, and Eleventh Amendment immunity.  Filicky also asserted appellant failed to comply with the mandatory provisions of R.C. 2969.25(A) and (C), as well as the provisions of R.C. 2969.26(A).  On November 20, 2017, NephCare filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 7}  On September 21, 2018, the trial court filed a decision and entry granting Filicky's motion to dismiss for failure to state a claim.  In its decision, the trial court, noting that "it appears [appellant] alleges an Eighth Amendment medical deliberate indifference claim pursuant to 42 U.S.C. § 1983," determined that appellant's "factual allegations against Defendant Filicky do not rise to the level of deliberate indifference." The trial court further found Filicky could not be held liable under 42 U.S.C. 1983 based on a theory of respondeat superior for the alleged actions of other defendants, and that he

was entitled to qualified immunity. Finally, the trial court found the complaint was subject to dismissal because of appellant's failure to comply with the mandatory filing requirements of R.C. 2969.25(A), (C), and 2969.26(A).

{¶ 8} On November 26, 2018, the trial court filed a decision and entry granting the motion to dismiss filed by NaphCare. In addressing allegations of deliberate indifference to appellant's medical needs under 42 U.S.C. 1983, the trial court found appellant "has failed to specifically name (or serve) any individual Naphcare employee or agent"; rather, the court noted, appellant "has generically attempted to name three 'Doe' nurses and/or medical personnel." The court further found appellant "has failed to assert any facts that demonstrate that any Doe individual's personal actions violated Plaintiff's right to medical care for serious medical needs." With respect to the issue of direct liability, the trial court found no facts in the complaint to establish that a NaphCare "policy or custom" resulted in an alleged denial of medical care. The trial court therefore concluded the complaint against NaphCare "must be dismissed" for failure to state a claim. The trial court also held that appellant's complaint was subject to dismissal for failure to comply with the necessary filing requirements of R.C. 2969.25(A), (C), and 2969.26(A).

{¶ 9} On appeal, appellant, pro se, sets forth the following 12 assignments of error for this court's review:

> [I.] Due process rights
>
> Plaintiff Due Process of equal Protection is/was violated when motions that are filed is overlooked and all rulings become one sided in the Defendants favor. The trial court failed to rule on Motion for default Judgment for the Plaintiff.
>
> [II.] Add or drop parties under Civ.R. 21
>
> [III.] Grant or denial of continuance
>
> [IV.] Civil R. 56(F) Motion for Additional Discovery
>
> [V.] Motions to Intervene
>
> [VI.] Decision granting or denying injunction
>
> [VII.] Decision on Motion seeking leave to add parties

[VIII.] Plaintiff is a pretrial Detainee his rights are different from an Inmate.

[IX.] Defendant denial of Plaintiff access to the courts

[X.] Standards of Review, Questions of Fact & Law

[XI.] Standards of Review, Motions to Dismiss, Failure to State Claim

[XII.] Issue for review: Whether the court failed to look at the merit of the case properly.

(Sic passim.)

{¶ 10} As noted under the facts, in granting the motions to dismiss filed by appellees, the trial court held appellant failed to adequately state a claim for relief for deliberate indifference to serious medical needs. As further noted, the trial court also determined the complaint was subject to dismissal because appellant failed to comply with the filing requirements of R.C. 2969.25(A) and (C), as well as 2969.26(A).

{¶ 11} Under Ohio law, a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), "is procedural and tests the sufficiency of the complaint." *Dufner v. Delaware*, 5th Dist. No. 09CAE0049, 2009-Ohio-5950, ¶ 7. This court's standard of review in considering a Civ.R. 12(B)(6) motion is de novo. *Hurst v. Jobes, Henderson & Assocs.*, 5th Dist. No. 13 CA 103, 2014-Ohio-2548, ¶ 18.

{¶ 12} We initially address the trial court's determination that appellant's complaint was subject to dismissal for failure to comply with the filing requirements of R.C. 2969.25, and 2969.26. We note that none of appellant's assignments of error specifically address that portion of the trial court's decision.

{¶ 13} R.C. 2969.25(A) states:

At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 14} Thus, R.C. 2969.25(A) requires an inmate to file an affidavit listing each civil action or appeal of a civil action he has filed in the previous five years in any state or federal court, as well as information regarding the outcome. This court has noted that " '[c]ompliance with R.C. 2969.25(A) is mandatory and failure to comply subjects an inmate's action to dismissal.' " *Arega v. Coleman*, 10th Dist. No. 15AP-629, 2015-Ohio-5242, ¶ 11, quoting *State ex rel. Morris v. Franklin Cty. Court of Common Pleas,* 10th Dist. No. 05AP-596, 2005-Ohio-6306, ¶ 6. Further, "the affidavit required by R.C. 2969.25(A) must be filed at the time an inmate commences the civil action or appeal," and the "belated attempt to file the required affidavit does not excuse noncompliance." *State ex rel. Evans v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-730, 2011-Ohio-2871, ¶ 4.

{¶ 15} R.C. 2969.25(C) states:

If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 16} Accordingly, R.C. 2969.25(C) "requires an inmate seeking waiver of the filing fees to file an affidavit of indigency" and, "[a]long with that affidavit, the inmate must also file a certified statement of the inmate's account balance for each of the previous six months and a statement of all cash and items of value owned by the inmate." *State ex rel. Cruz v. Sloan*, 11th Dist. No. 2014-A-0032, 2014-Ohio-5180, ¶ 15. As with R.C. 2969.25(A), "the requirements of R.C. 2969.25(C) are mandatory and the inmate's failure to comply with them requires dismissal of the complaint." *State ex rel. Davis v. Holbrook*, 10th Dist. No. 17AP-838, 2018-Ohio-3389, ¶ 6.

{¶ 17} Finally, R.C. 2969.26 sets forth "a grievance procedure that inmates are required to follow when initiating a civil action in court." *Freeman v. Mohr,* 4th Dist. No. 11CA3461, 2013-Ohio-2238, ¶ 13. Specifically, R.C. 2969.26(A) states:

If an inmate commences a civil action or appeal against a government entity or employee and if the inmate's claim in the civil action or the inmate's claim in the civil action that is being appealed is subject to the grievance system for the state correctional institution, jail, workhouse, or violation sanction center in which the inmate is confined, the inmate shall file both of the following with the court:

(1) An affidavit stating that the grievance was filed and the date on which the inmate received the decision regarding the grievance.

(2) A copy of any written decision regarding the grievance from the grievance system.

{¶ 18} Thus, R.C. 2969.26(A) "requires that the prisoner *shall* file: (1) an affidavit stating that the grievance was filed and the date the prisoner received a decision on the grievance, and (2) a copy of that written decision." (Emphasis sic.) *Hamilton v. Wilkinson*, 10th Dist. No. 04AP-502, 2004-Ohio-6982, ¶ 12. Further, "[c]ompliance with R.C. 2969.26(A) is mandatory," and "[f]ailure to follow the mandates of R.C. 2969.26(A) warrants a dismissal of the prisoner's action." *Id.*

{¶ 19} In the present case, the record supports the trial court's finding that appellant "failed to include an affidavit containing a description of any civil action he filed

in the previous five years and the outcome(s) pursuant to R.C. 2969.25(A), nor a statement declaring he had filed no prior civil actions." Further, while appellant filed a financial disclosure form and affidavit of indigency with his complaint, he did not provide a statement setting forth the balance of his inmate account for each of the preceding six months, nor did he provide a statement setting forth all other cash or things of value as required by R.C. 2969.25(C). Finally, the record supports the trial court's determination that appellant failed to comply with the affidavit requirement of R.C. 2969.26(A).

{¶ 20} Appellant's failure to fully comply with the requirements of R.C. 2969.25 and 2969.26 at the time he filed his complaint "subjects his complaint to dismissal." *Hall v. Collins*, 10th Dist. No. 10AP-73, 2010-Ohio-3845, ¶ 10. Further, because the trial court did not err in dismissing appellant's complaint for failure to comply with the requirements of R.C. 2969.25 and 2969.26, appellant's assignments of error "are moot." *Id.* at ¶ 11. *See also Arega* at ¶ 13 (where appellant failed to comply with requirements of R.C. 2969.25(A), trial court did not err in dismissing complaint and assignments of error rendered moot).

{¶ 21} Based on the foregoing, appellant's 12 assignments of error are rendered moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and BEATTY BLUNT, JJ., concur.

_____