[Cite as *State ex rel. St. Clair v. Black*, 2025-Ohio-4408.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE EX REL. JOHN WAYNE ST.
CLAIR

    Petitioner

    v.

JENNIFER BLACK

    Respondent

C.A. No.    25CA012302

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: September 22, 2025

PER CURIAM.

{¶1}    Petitioner John Wayne St. Clair has filed a petition for writ of habeas corpus seeking an order directing Respondent Jennifer Black, Warden of Lorain Correctional Institution, to release him from prison. Because Mr. St. Clair failed to comply with the mandatory requirements of R.C. 2969.25, this case must be dismissed.

{¶2}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The respondent, Warden Black, is a government employee and Mr. St. Clair, incarcerated in the Lorain Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} Mr. St. Clair did not pay the cost deposit required by this Court's Local Rules. He did move to waive prepayment of the cost deposit. That motion, however, failed to comply with the requirement that Mr. St. Clair file a statement of his prisoner trust account showing the balance for each of the six months preceding the filing of his action.

{¶4} Mr. St. Clair filed an affidavit of indigency stating that he is without the funds to pay the costs of the action. He filed another affidavit stating that he earns $3.00 per month and has $0 in his prisoner trust account, but he did not complete the section stating what other cash or assets he owns. Finally, he filed a statement of his inmate account. That certification showed the starting balance of his account in January 2025 and the ending balance in July 2025. The statement did not show "the balance in the inmate account of the inmate for each of the preceding six months," as required by R.C. 2969.25(C)(1).

{¶5} The Supreme Court's decisions make clear that R.C. 2969.25(C) does not permit substantial compliance. *See, e.g., State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-408, ¶ 8. "Noncompliance with the mandatory requirements of R.C. 2969.25 is fatal" to the action. *State ex rel. Swain v. Adult Parole Auth.*, 2017-Ohio-9175, ¶ 2. The Supreme Court has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *Roden* at ¶ 8.

{¶6} In this case, Mr. St. Clair failed to file a statement of his prisoner trust account showing the balance for each month of the six months preceding the filing of the action. Failure to comply with this mandatory requirement requires this Court to dismiss this action.

{¶7} Because Mr. St. Clair did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. St. Clair.

{¶8}    The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  *See* Civ.R. 58.

_____
SCOT STEVENSON
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JOHN WAYNE ST. CLAIR, Pro se, Petitioner.